**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                        Criminal Case No. 00-90036

BRYON JONES,                          HON. MARIANNE O. BATTANI

    Defendant/Petitioner.

_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**I.    INTRODUCTION**

Before the Court is Petitioner Bryon Jones' Objection to the Magistrate Judge's Report and Recommendation ("R&R") that this Court Deny his § 2255 Motion to Vacate, Set Aside, or Correct His Sentence. For the reasons that follow, the Court adopts the Magistrate Judge's R&R and denies the § 2255 motion.

**II.    FACTUAL BACKGROUND**

In November 2000, a federal grand jury returned a five-count indictment against numerous defendants, including Jones, who was charged with Conspiracy to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. § 846 (Count I), and Money Laundering Conspiracy in violation of 18 U.S.C. § 1956. The Indictment was unsealed in July 2003. The Government filed a penalty enhancement under 21 U.S.C. §§ 841(b) and 846 to increase the punishment for a prior conviction for Conspiracy to Possess Cocaine for Sale pursuant to 21 U.S.C. § 851(a).

At trial, the government presented the testimony of Special Agent Mark German of the Drug Enforcement Administration (DEA), Jose Soto, a special agent with the Imperial County Narcotic Task Force, and codefendants Julia Carter and Kyle Stevens. In addition, Jones and his mother testified. The jury found Jones guilty of both charges, and the Court sentenced Jones to twenty years on each count, to run concurrently.

Jones appealed his convictions to the Sixth Circuit. In his appeal, Jones raised issues involving the Court's admission of hearsay evidence and argued that the variance between the allegations in the indictment and the proof presented at trial amounted to a constructive amendment of the indictment. The Sixth Circuit rejected the arguments and affirmed Jones' convictions. U.S. v. Graham, No. 06-1026, 2008 WL 2092274 (6th Cir. May 16, 2008).

Jones subsequently filed his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. In this motion, Jones claims ineffective assistance of counsel on four grounds:

1. Counsel failed to file a pretrial motion on the issue of his prior conviction;

2. Counsel failed to object to inadmissible hearsay testimony which went to the heart of the government's case;

3. Counsel failed to interview or obtain statements from government witnesses as well as interview and/or call any defense witnesses;

4. Counsel allowed the issue of prior conviction to be decided using a preponderance of evidence standard when the statute calls for a beyond a reasonable doubt standard, exposing Jones to a Mandatory Minimum sentence.

Doc. No. 666. The matter was referred to Magistrate Judge Virginia M. Morgan, who recommended that this Court deny the Motion to Vacate. See Doc. No. 688. Now before the Court are Jones' objections.

## III. STANDARD OF REVIEW

As an initial matter, the Court notes that *pro se* pleadings, such as Jones', are to be construed liberally. See Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992). Further, a district court must conduct a *de novo* review of the parts of a Magistrate Judge's R&R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a Magistrate Judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir.1987).

## IV. ANALYSIS

As the Magistrate Judge noted, to successfully make a claim of ineffective assistance of counsel, Jones must show both (1) that his counsel's assistance was deficient because it "fell below an objective standard of reasonableness" and (2) that this deficient performance prejudiced the petitioner so seriously that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-

3

88, 694 (1984). He must do so by a preponderance of the evidence. See Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006).

As to the first prong, Jones must overcome a "strong presumption" that his attorney "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 689-90.

**A. Ground One**

During the government's opening statement, the prosecutor told the jury it would hear testimony relating to Jones' previous arrest and conviction. Defense counsel objected and at sidebar, he argued that the previous arrest had nothing to do with the charges. The Court denied the objection.

According to Jones, his attorney was ineffective because he failed to file a pretrial motion regarding Jones' prior conviction for Conspiracy to Possess Cocaine for Sale (hereinafter "the Imperial Valley conviction"). Jones is incorrect; defense counsel did file a Motion for Notice From the Government Regarding 404(b) Evidence. Rule 404(b) of the Federal Rules of Evidence, prohibits the introduction of evidence of similar acts absent a proper purpose. Because the government characterized the evidence as background evidence under a *res gestae* theory, it asserted that it did not intend to introduce 404(b) evidence. The Court denied the motion.

Jones argues that his attorney knew about the prior conviction, yet never challenged the government's theory that the acts underlying the prior conviction were part of the charged conspiracy. Jones concludes that his attorney's failure to file a motion in limine to prevent the admission of this evidence resulted in unfair prejudice. The Court disagrees.

4

Regardless of whether Jones' claim is cast as a failure to file a motion for notice or as a failure to file a motion in limine, the claim fails. The Court hear arguments on the merits and allowed the evidence. Therefore, even if Jones were correct that such a motion should have been filed, he cannot show that he was prejudiced by the failure to raise this matter in advance of trial. Therefore, he cannot meet his burden to show ineffective assistance of counsel.

### B. Ground Two

Next, Jones asserts that his attorney was ineffective because he failed to object to inadmissible hearsay evidence. The Magistrate Judge concluded that defendant was unable to demonstrate prejudice, as required to succeed on his claim of ineffective assistance of counsel. See R&R at 26. She noted that the Sixth Circuit addressed the hearsay testimony in reviewing Jones' claim on appeal that the district court committed plain error in admitting testimonial hearsay evidence in violation of the Confrontation Clause. Id. at 26-27. The appellate court concluded that any alleged hearsay did not affect the outcome of trial. Id.

In his objection, Jones asserts that there is a reasonable probability that the result of the trial would have been different had the hearsay testimony been viewed not only in its "isolated effect," but in its "aggregative effect on [the] whole." Doc. No. 689 at 5. Specifically, he believes that the Money Laundering Conspiracy cannot be shown because other than hearsay testimony there was no evidence concerning the purchase of the Business and Postal Center and the source of funds used to make the purchase. He concludes that without that hearsay evidence, no rational juror could have found him

5

guilty beyond a reasonably doubt.  Therefore, the failure to object to the admission of the testimony was prejudicial.

Jones' argument ignores his defense at trial and the testimony of Carter and Stevens.  First, Jones never denied only the business; his defense was that he was an "absentee owner."  <u>United States v. Graham</u>, No.  2008 WL 2092274 at *2 (6th Cir. May 16, 2008).  Second, the nonhearsay testimony of Carter and Stevens provided ample evidence for a jury to find that Jones was a member of the drug-dealing and money-laundering conspiracy.  <u>Id.</u> at *5.  Accordingly, the Court finds this objection lacks merit.

### C. Ground Three

The third ground upon which Jones rests his ineffective assistance of counsel claim is that his attorney failed to interview government witnesses or call defense witnesses.  Jones characterizes the failure as a "professional lapse."

At the outset, the Court observes that in his motion, Jones specified neither the identity of the government witnesses nor the nature of their exculpatory testimony.  <u>See Malcum v. Burt</u>, 276 F. Supp.2d 664, 679 (E.D. Mich. 2003) (a defendant's failure to indicate the availability of witnesses or specify the content of their testimony undermine ineffective assistance of counsel claim).  In his objection, however, Jones claims that Sherman Springer, a key government witness, would have testified that Jones had a separate and independent drug organization.

The Court fails to see how this testimony would have aided Jones in his defense, given the testimony of Stevens and Carter.  There was ample evidence of Jones' involvement in the charged conspiracies and therefore, testimony from Springer

6

regarding Jones' involvement in another drug organization could not have advanced his absentee owner defense. The decision not to call Springer certainly qualifies as a tactical choice.

Jones also maintains that Edward Hereford would have testified that Riley Graham sent his packages to lots of address, regardless of whether the property owner had an agreement with Riley Graham. Again, the Court notes that this is not the type of testimony that would have called Jones' role in the conspiracy into question. Because the evidence is not exculpatory, the Court finds Jones suffered no prejudice.

**D. Ground Four**

The last basis advanced by Jones to show ineffective assistance of counsel challenges the standard used relative to the sentencing enhancement. The Magistrate Judge correctly analyzed the argument, finding that the correct standard was employed. In his objection, Jones' advances a different argument. He maintains that the government is precluded from using his prior conviction for enhancement purposes because it was introduced as res gestae evidence as part of the charged conspiracy. Doc. No. , p . 9 ¶ 5.

Under the enhancement provision, "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment." 21 U.S.C. § 841(b).

Notably, at sentencing, Jones' attorney argued the provision did not apply because there was no evidence at trial that Jones committed any act in furtherance of the charged conspiracy after the date his state conviction became final in 1996.

7

Therefore, his position was that the state conviction for conspiracy to purchase cocaine was not a prior conviction within the meaning of the statue. The charged conspiracy did not conclude until 1998, and the Court found that Jones rejoined the conspiracy after his release from jail on the prior conviction.

In U.S. v. Hughes, 924 F.2d 1354 (6th Cir. 1991), the appellate court rejected a similar argument. Convictions that occurred during the course of the conspiracy can be considered offenses separate from the conspiracy for purposes of the enhancement. Accord U.S. v. Gonzalez, No. 06-3254, 2007 WL 4438131 (6th Cir. Dec. 17, 2007) (noting that the defendant "had ample opportunity to discontinue his involvement in unlawful drug-related activity" and his "repeated criminal behavior is the kind Congress targeted" for "harsher penalty" under the statute).

**V.  CONCLUSION**

As Petitioner's objections to the Magistrate Judge's R&R do not have any merit, the Court **ADOPTS** the Magistrate Judge's R&R and **DENIES** Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct His Sentence.

Under Rule 11(a) of the Rules Governing § 2255 Proceedings, a court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A certificate of appealability may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Based on the above discussion, Petitioner has not made a substantial showing of the denial of a constitutional right. Petitioner's claims do not establish that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, the Court **DENIES** a certificate of appealability.

    **IT IS SO ORDERED.**


                              s/Marianne O. Battani
                              MARIANNE O. BATTANI
                              UNITED STATES DISTRICT JUDGE


DATED: **November 19, 2010**


## CERTIFICATE OF SERVICE

**I hereby certify that on the above date a copy of this Opinion and Order was served upon all parties of record via ordinary U.S. Mail and/or electronically.**

                              s/Bernadette M. Thebolt
                              Case Manager

Bryon Jones, Reg. No. 14677-039

1900 Simler Ave.

Big Springs, Texas 79720